IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HANCOCK BANK,                              :

    Plaintiff,                            :

vs.                                        :       CA 12-0162-C

TRIPLE B INVESTMENTS, LLC, et al.,         :

    Defendants.

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's motion for summary judgment (Doc. 31), along with attached proposed findings of fact and conclusions of law (*see id.*, Attachment), and a supporting brief with attached evidentiary materials (Doc. 32; *see also id.*, Tabs 1-7). The defendants declined the opportunity to respond to the summary judgment motion.[1] (*Compare* Doc. 33 (submission order extended to defendants a period of time, up to and including January 7, 2013, to file a response to the summary judgment motion) *with* Docket Sheet (reflecting no response by the defendants).) Therefore, this matter is ripe for disposition by the undersigned, whom the parties explicitly consented may exercise jurisdiction in this case. (*Compare* Doc. 16 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings

---

[1] Reference here is to the defendants who were represented in this matter by the law firm of Galloway, Wettermark, Everest, Rutens & Gaillard, LLP, specifically Triple B Investments, LLC, Robert M. Brannon, Jason R. Brannon, and J&R Properties, LLC. (*See* Doc. 10.) On May 15, 2012, the Clerk of Court made an entry of default against defendants AJB, LLC, and Adrian J. Beach, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, due to their failure to plead or otherwise defend this action. (*See* Doc. 13.)

1

in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.") *with* Doc. 17 (endorsed order of reference).) After careful consideration of the foregoing, the Court concludes that the motion is due to be granted.

## DETERMINATIONS OF UNCONTROVERTED FACT

On November 17, 2008,[2] defendant Triple B Investments, LLC ("Triple B") executed a note in favor of the plaintiff's predecessor in interest, Hancock Bank of Alabama, in the original principal amount of $1,300,000.00, which matured on November 18, 2011 without payment of all indebtedness due and owing thereunder. (Doc. 32, Tab 1, Affidavit by Deborah S. Renfroe as to Indebtedness and Ownership, at ¶¶ 2-3.a.; *see also id.*, Tab 5, PROMISSORY NOTE, at 1-2.) Defendants AJB, Limited Liability Company ("AJB"), J & R Properties, L.L.C. ("J&R"), Adrian J. Beach ("Beach"), Robert M. Brannon ("Robert Brannon"), and Jason R. Brannon ("Jason Brannon") entered a separate unconditional and continuing guaranty, on November 17, 2008 (again, effective November 18, 2008), of the indebtedness under the note, which they have not satisfied. (Doc. 32, Tab 1, Renfroe aff., at ¶¶ 2 & 3.b.; *see also id.*, Tab 5, CONTINUING GUARANTY AGREEMENT, at 1-6.) Triple B is in breach of the note, and AJB, J&R, Beach, Robert Brannon, and Jason Brannon are in breach of the continuing guaranty.

The amount owing under the note and guaranty (including interest at the non-default rate through January 4, 2012, and interest at the default rate since January 5, 2012) as of December 14, 2012 is $305,796.60. (Doc. 32, Tab 1, Renfroe aff., at ¶ 7.) The

---

[2] The sole member of Triple B Investments, Adrian J. Beach, executed the promissory note on November 17, 2008, with the notation that the effective date of the note was November 18, 2008. (*See* Doc. 32, Tab 5, PROMISSORY NOTE, at 2.)

only reason this amount is not greater is because plaintiff sold at foreclosure certain real property collateral it obtained as the result of "[a] first real estate mortgage and fixture filing recorded at Real Property Book 6566, Page 1229, Probate Records of Mobile County, Alabama, executed and delivered to Hancock's predecessor in interest by Triple B on or about August 3, 2009[]" and "[a]n assignment of vendor's liens retained in deeds, recorded at Real Property Book 6566, Page 1222 in the Probate Records of Mobile County, Alabama, executed and delivered to Hancock's predecessor in interest by Triple B on or about August 3, 2009[]" (Doc. 32, Tab 1, Renfroe aff., at ¶ 3.c. & d.; *see also* Tab 5, FIRST REAL ESTATE MORTGAGE AND FIXTURE FILING & ASSIGNMENT OF VENDOR'S LIENS RETAINED IN DEEDS AS COLLATERAL SECURITY; *compare id. with* Doc. 32, Tab 1, Exhibits 1-9 to Renfroe aff. (foreclosure deeds)) and credited against the debt. Plaintiff has additionally established that the (default) per diem rate is now $90.42 (Doc. 32, Tab 1, Renfroe aff., at ¶ 7) but Hancock has not requested an award of such per diem interest from December 15, 2012 until the date of judgment; instead, plaintiff merely requests judgment in the total amount of $375,734.45—the $305,796.60 mentioned above, expenses and costs totaling $13,148.66, and attorneys' fees in the amount of $56,789.19—along with post-judgment interest at the statutory rate. (*Compare* Doc. 31, Attachment 2, Proposed Judgment ("The Court . . . determines . . . that Hancock is entitled to a final monetary judgment as a matter of law against Triple B Investments, Limited Liability Company, Adrian J. Beach, Robert M. Brannon, Jason R. Brannon, AJB, Limited Liability Company, and J & R Properties, LLC in the amount of $375,734.45, to accrue interest at the statutory rate, for which let execution issue.") *with* Doc. 32, at 6 ("Hancock respectfully requests the Court to enter a judgment as a matter of law pursuant to *Fed.R.Civ.P.* 56 against Triple B, Beach, R. Brannon, J. Brannon, AJB, and J&R in the amount of $375,734.45 continuing to accrue

3

interest.").) Accordingly, while this Court's judgment will award post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961, no provision will be made for plaintiff to recover prejudgment interest for that period beginning December 15, 2012 and running to today's date since plaintiff does not seek recovery of same. (*See* Docs. 31 & 32.)

The note and guaranty require the defendants to pay the plaintiff's reasonable attorneys' fees and costs in collecting the indebtedness. (*Compare* Doc. 32, Tab 5, PROMISSORY NOTE *with id.,* CONTIMUING GUARANTY AGREEMENT, at ¶ 11 ("The Guarantor[s] agree[] to pay the costs of enforcing this Guaranty and the Guarantor[]s' obligations hereunder, including a reasonable attorney's fee.").) The plaintiff has incurred such fees and costs in the total amount of $69,937.85.

## CONCLUSIONS OF LAW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."); *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) ("[S]ummary judgment is appropriate even if '*some* alleged factual dispute' between the parties remains, so long as there is 'no *genuine* issue of *material* fact.'").

The party seeking summary judgment has the initial responsibility of informing the court of the basis for the motion and of establishing, based upon the discovery instruments outlined in Rule 56(c), that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also Allen v. Board of*

4

*Public Educ. for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007) ("The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."). Once this initial demonstration is made, the "responsibility then devolves upon the non-movant[s] to show the existence of a genuine issue . . . [of] material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *see also Allen*, supra, at 1314 ("'When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and show by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial.'"); *see Comer v. City of Palm Bay, Florida*, 265 F.3d 1186, 1192 (11th Cir. 2001) ("Once the moving party discharges its initial burden of showing that there is an absence of evidence to support the non-moving party's case, the non-moving party must specify facts proving the existence of a genuine issue of material fact for trial confirmed by affidavits, '"depositions, answers to interrogatories, and admissions on file."'").

> Forbidding reliance upon pleadings precludes a party from "choos[ing] to wait until trial to develop claims or defenses relevant to the summary judgment motion." . . . This effectuates the purpose of summary judgment which "'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" . . . Thus, "mere general allegations which do not reveal detailed and precise facts" will not prevent the award of summary judgment upon a court's determination that no genuine issue for trial exists.

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir.), *cert. denied sub nom. Jones v. Resolution Trust Corp.*, 516 U.S. 817, 116 S.Ct. 74, 133 L.Ed.2d 33 (1995); *see also LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998) ("[The nonmoving party] must raise 'significant probative evidence' that would be sufficient for a jury to find for that party."). In other words, there is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving

party[.]" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see Comer, supra*, 265 F.3d at 1192 ("Summary judgment is required where the non-moving party's response to a motion is merely 'a repetition of his conclusional allegations' and is unsupported by evidence showing an issue for trial.").

In considering whether the plaintiff is entitled to summary judgment in this case, the Court has viewed the facts in the light most favorable to the defendants. *Comer, supra*, 265 F.3d at 1192 ("We view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party.").

> The requirement to view the facts in the nonmoving party's favor extends only to "genuine" disputes over material facts. A genuine dispute requires more than "some metaphysical doubt as to the material facts." A "mere scintilla" of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment.

*Garczynski, supra*, 573 F.3d at 1165 (internal citations omitted). In addition, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp., supra*, 43 F.3d at 599. Accordingly, the Court limits its review to those arguments expressly advanced by the parties.

Because Rule 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citation

omitted). On the other hand, the Court's review when defendants do not respond to a motion for summary judgment is less searching than when they do respond. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *One Piece of Real Property*, 363 F.3d at 1101-1102 (internal citation omitted). Should this review reveal the plaintiff's entitlement to summary judgment, under *Resolution Trust Corp., supra,* the Court will not consider any legal or factual arguments the defendants could have, but have not, asserted in opposition.

Count I of the amended complaint alleges breach of contract as to the note against Triple B; Count II asserts a claim of breach of the unconditional guaranty against AJB, J&R, Beach, Robert Brannon, and Jason Brannon; Count III asserts a claim of assignment of rents/accounting/conversion with respect to the "first real estate mortgage and fixture filing recorded at Real Property Book 6566, Page 1229 in the Probate Records of Mobile County, Alabama[]" executed and delivered by Triple B to Hancock's predecessor in interest on or about August 3, 2009; and Count IV asserts a claim of assignment of payments/accounting/conversion with respect to "an assignment of vendor's liens retained in deeds as collateral security, recorded at Real Property Book 6566, Page 1222 in the Probate Records of Mobile County, Alabama[]"executed and delivered by Triple B to Hancock's predecessor in interest on or about August 3, 2009. (Doc. 22, at 2-5.)

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the

defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Financial Corp.*, 29 So.3d 872, 880 (Ala. 2009) (internal quotation marks and citation omitted).[3] The uncontroverted evidence shows the existence of contract between the plaintiff and Triple B; the plaintiff's performance under the contract by lending Triple B $1,300,000.00; Triple B's non-performance by failing to repay the entirety of the borrowed sum and other amounts within the time and other terms set forth in the contract; and the plaintiff's resulting damages from Triple B's failure to pay. The uncontroverted evidence thus establishes all elements of the plaintiff's breach of contract claims asserted against Triple B, AJB, J & R, Beach, Robert Brannon, and Jason Brannon, who offer no defense. Thus, plaintiff is entitled to summary judgment as to its breach of note and guaranty claims (Counts I and II) in the amount of $305,796.60.[4]

The complaint seeks recovery of attorney's fees and costs under each count. (Doc. 22, at 3-5.) The plaintiff's evidence establishes that the amount of such fees and costs

---

[3] Moreover, "[e]very suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Sharer v. Bend Millwork Systems, Inc.*, 600 So.2d 223, 225-226 (Ala. 1992) (internal quotation marks and citation omitted); *see also Delro Industries, Inc. v. Evans*, 514 So.2d 976, 979 (Ala. 1987) (same). The uncontroverted evidence in this cases establishes the existence of a guaranty by AJB, J&R, Beach, Robert Brannon, and Jason Brannon; Triple B's default on the underlying contract/note; and non-payment by AJB, J&R, Beach, Robert Brannon, and Jason Brannon of the unpaid balance owing.

[4] Plaintiff offers no specific proof in its motion for summary judgment with respect to Triple B's alleged failure or refusal "to remit to Hancock the 'rents and income' of the real estate described in the mortgage, thereby breaching that agreement and converting those funds[,]" (*compare* Doc. 22, at ¶ 27 *with* Doc. 32) or this entity's alleged failure "to remit to Hancock the payments due under the vendor's liens described in the assignment, and has thereby converted those funds." (*Compare* Doc. 22, at ¶ 34 *with* Doc. 32.) Given this Court's findings that Triple B has breached the above-described promissory note and AJB, J&R, Beach, Robert Brannon, and Jason Brannon have breached the continuing guaranty agreement, along with plaintiff's election to sell at foreclosure real property collateral under the mortgage and vendor's liens described herein, the Court simply **DECLINES** plaintiff's requests to order Triple B "to submit an accounting as to all rents and income from the properties described in the mortgage . . . and ordering Triple B to remit same to Hancock," (Doc. 22, at 5) and "to submit an accounting as to all payments due under the vendor's liens described in the assignment, and ordering Triple B to remit same to Hancock[.]" (Doc. 22, at 6.)

total $69,937.85. In Alabama, attorneys' fees are recoverable when provided for in a contract, *see. e.g., James v. James,* 768 So.2d 356, 360 (Ala. 2000), as is the case here, and in the Eleventh Circuit, "a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue[,]" *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.,* 312 F.3d 1349, 1355 (2002), which may be decided within the context of ruling on a summary judgment motion, *see Ierna v. Arthur Murray International, Inc.,* 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provided for attorneys' fees, the award is an integral part of the merits of the case."). In addition, Rule 54(d)(1) recognizes that costs may be awarded to the prevailing party. Thus, plaintiff is entitled to an award of attorneys' fees and expenses/costs totaling $69,937.85. *See SE Property Holdings, LLC v. Loyal Advertising, LLC,* 2012 WL 2253243, *5 (S.D. Ala. June 15, 2012) ("Defendants did not contest plaintiff's assertion of its right to an award of reasonable and necessary attorneys' fees and expenses, nor did they contest the amount sought. The court finds that the amounts set forth in plaintiff's brief are reasonable and necessary and should be awarded.").[5]

---

[5] The amount of attorneys' fees requested, $56,789.19 (Doc. 32, Tab 3, Affidavit of Edward A. R. Miller, at ¶ 4 ("The total fees billed to plaintiff in this cause, and anticipated to be billed through the entry of summary judgment, are in the amount of $56,789.19.")), is in need of additional, albeit parenthetical, discussion inasmuch as it is clear that, in general, "an affidavit must be more specific than a number[.]" *Wells Fargo, N.A. v. Pierre*, 2010 WL 1753789, *5 (M.D. Ala. Apr. 13, 2010), *report & recommendation adopted*, 2010 WL 1753771 (M.D. Ala. Apr. 30, 2010).

> Normally, the affidavit should submit a statement of the fees and costs with an itemization of the fees, expenses, and costs sought. However, "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee." *Norman v. Housing Authority,* 836 F.2d 1292, 1301 (11th Cir. 1988).
>
> The Alabama Supreme Court has set forth twelve criteria that a trial court may consider in setting attorney fees: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success

(Continued)

Finally, plaintiff requests that it be awarded post-judgment interest on the total award, that is, $375,734.45, at the statutory rate. In a diversity case, like the present one (*see* Doc. 22, ¶ 6 ("Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Hancock and defendants and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.")), "a district

---

achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. *Knox Kershaw, Inc. v. Kershaw*, 598 So.2d 1372, 1374 (Ala. 1992) (citing *Peebles v. Miley,* 439 So.2d 137, 140-41 (Ala. 1983)). Rarely will all twelve criteria be applicable in a given case, and those that are applicable need not all support the amount awarded. *Id.*

*Id*.

With these principles in mind, and in recognition to the defendants' failure to attack the request for attorneys' fees made herein, the Court finds that the request for $56,789.19 in fees is reasonable under the circumstances of this case. While the fee is somewhat higher than other suits on promissory notes in this area, *see, e.g., SE Property Holdings, LLC, supra,* at *1 (attorneys' fees totaling $15,350.50); *Wells Fargo Bank, N.A. v. Maclay Construction, Inc.*, 2011 WL 6668319, *4 (S.D. Ala. Dec. 20, 2011) (attorneys' fees totaling $22,152.72), those cases did not require the expenditure of the significant time spent by plaintiff's attorneys and staff in this case reviewing title work, resolving and quieting title issues, drafting notice of foreclosure letters, drafting foreclosure deeds, collecting rent from the various properties and defending that right in the bankruptcies of multiple tenants, etc. (*See* Doc. 32, Tab 3, Miller aff., at ¶ 2 (listing services performed).) The supervising attorney in this case, Richard A. Wright, Esquire, is an experienced practitioner with thirty-years of litigation experience and the three other attorneys from the Jones Walker LLP firm who worked on this matter have from five to twelve years of litigation experience. (*See id.,* at ¶ 3.) These four attorneys, assisted by three paralegals, have been successful in obtaining the instant judgment for their client and because the defendants do not attack the fees requested, this Court will award the plaintiff $56,789.19 in attorneys' fees.

"*However, counsel is advised for the future, that affidavits in support of attorney's fees should provide detailed support for [the] request.*" *Pierre, supra,* at *6 n.1 (emphasis supplied). In particular, such an affidavit should detail the services performed by each billing individual, the dates on which such services were performed, the amount of time each task required of the billing individual, and the rate billed by such individual. In other words, detailed billing records should be provided, along with proof of any invoices sent to and paid by the client. Should plaintiff seek any alteration of the judgment entered today's date, and such motion be granted, the undersigned will take such opportunity to reopen the judgment in its entirety and obtain from plaintiff's counsel such detailed billing records.

court will apply the federal interest statute, 28 U.S.C. § 1961(a), rather than the state interest statute[]" in awarding postjudgment interest. *Insurance Co. of North America v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991) (citation omitted). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). The average 1-year constant maturity Treasury yield for the week ending January 11, 2013 was 0.14%. www.federalreserve.gov/releases/h15/current. Therefore, post-judgment interest shall accrue at the statutory rate of 0.14% from this date forward.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment (Doc. 32) is **GRANTED**. The plaintiff has established its entitlement to a judgment in the total amount of $375,734.45, with post-judgment interest to accrue at the rate of 0.14% from this date forward.

**DONE** and **ORDERED** this 15th day of January, 2013.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**